# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| RODGER FOSBINDER, through his representative Suzanne Jensen, individually and as successor in interest to his deceased son, JOSHUA FOSBINDER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN DIEGO; JANET ELAINE PATTERSON, a nominal defendant, and DOES 1-10,<br><br>　　　　Defendants. | Case No. 24-cv-0733-RSH-SBC<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER [ECF NO. 21]** |

　　Presently before the Court is a Joint Motion for Entry of Stipulated Protective Order filed by the parties. (ECF No. 21.) The parties reached agreement on all provisions of their proposed stipulated protective order except those in paragraph 8 regarding the disclosure of information designated as "CONFIDENTIAL - FOR COUNSEL ONLY." (*Id.*)

　　The joint motion for entry of a stipulated protective order is **GRANTED**. After considering the parties' respective versions of paragraph 8 and their arguments in

connection thereto, the Court finds that disclosure of sensitive information creates risk beyond business competition risks, and public entities such as Defendant County of San Diego bear additional risks should certain sensitive information be disclosed. The Court accordingly incorporates Defendant's version of paragraph 8 in the terms of the protective order set forth herein.

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action contain private, privileged or confidential information that is not generally available to the public, including but not limited to: medical and mental health records; jail records; jail videos; photographs; internal affair investigations; private information of decedent Joshua Fosbinder, the parties, and/or third parties; other materials containing confidential, sensitive information maintained for law enforcement purposes; and information contained within any personnel employment file of any employee of defendant County of San Diego.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

The materials to be exchanged throughout the course of the litigation between the parties may contain private and/or confidential information as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, videos, photographs, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.  The term "materials" will include, but is not be limited to: documents; medical records; employment records; correspondence; memoranda; bulletins; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; videos; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; and other physical objects.

3.  The term "counsel" will mean only counsel of record in this civil action, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: The Office of County Counsel, Singleton Schreiber LLP, and Law Office of Thomas E. Robertson.

## GENERAL RULES

4.  Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, deposition testimony, videos, photographs, and transcripts of depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a.  Designation as "CONFIDENTIAL": Any party may designate information or material as "CONFIDENTIAL" only if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

   b.  Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party including, but not limited to, private information of individual parties and/or

third parties.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings. A party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, the videographer, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished

under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information or materials designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9. Information or materials designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed to be bound by its terms:

    a) Executives/public officials who are required to participate in policy

decisions with reference to this action;

b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

c) Stenographic and clerical employees associated with the individuals identified above.

d) Parties to this action;

e) Any actual or potential witness;

f) Any person testifying at a deposition; and

g) Any expert, technical advisor, or consultant retained, employed, or consulted by any party for the purposes of this action.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information or materials which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information or material, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information or material under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must first meet and confer with the party who designated the material as "confidential." The parties may: (1) stipulate that the documents can be filed as part of the public record and not under seal, (2) file a joint application to request the

Court to seal the documents; or, if the parties do not agree, (3) the party seeking to file such documents under seal may file an application with the Court to seal such documents. Without a stipulation among the parties or a court order secured after appropriate notice to all interested persons in accordance with the terms of this paragraph, a party may not file in the public record in this action any material designated as "confidential." An application to file a document under seal shall be filed and served in compliance with this Court's Chambers Rules.

13. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person who has or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person who has or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

14. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to this Court's Chambers Rules and Local Rule 26.1.a. If the dispute is not resolved consensually between the parties, the parties must follow the procedures set forth in the assigned Magistrate Judge's Chambers Rules regarding resolution of discovery disputes. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to

prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16.   No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17.   If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

18.   Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19.   Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information or materials designated as confidential information, provided that the contents of the

information or materials must not be disclosed except in accordance with the terms of this Order.

20. This Order will be without prejudice to the right of any party to oppose production of any information or materials for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. The restrictions and obligations set forth within this order will not apply to any information or materials that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge

must be established by pre-production documentation.

24. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

26. This Order may be modified by agreement of the parties, subject to approval by the Court.

27. The Court may modify the terms and conditions of this Protective Order for good cause, in the interest of justice, or on its own order at any time throughout this Action. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED**.

Dated: March 3, 2025

Hon. Steve B. Chu
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the case of *Rodger Fosbinder, et al. v. County of San Diego, et al.*, United Stated District Court for the Southern District of California Case No. 24-cv-00733 RSH SBC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____